IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY CAIRNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| THE BOILING CRAB DALLAS, INC. | ) | |
| AND DALLAS UK LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ANTHONY CAIRNS, by and through the undersigned counsel, and files this, his Complaint against Defendants, THE BOILING CRAB DALLAS, INC. AND DALLAS UK LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' THE BOILING CRAB DALLAS, INC. AND DALLAS UK LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.     Plaintiff ANTHONY CAIRNS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton

1

County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, THE BOILING CRAB DALLAS, INC. (hereinafter "THE BOILING CRAB DALLAS, INC.") is a California limited liability company that transacts business in the State of Texas and within this judicial district.

8.      Defendant, THE BOILING CRAB DALLAS, INC., may be properly served with process via its registered agent for service, to wit:  Becky P. Tran, Registered Agent, Two Lincoln Centre, 5420 LBJ Freeway, Dallas, TX  75240.

9.      Defendant, DALLAS UK LLC (hereinafter "DALLAS UK LLC"), is a

limited liability company that transacts business in the State of Texas and within this judicial district.

10.     Defendant, DALLAS UK LLC., may be properly served with process via its Owner for service, to wit:  Dallas, UK LLC, 10550 Walnut Street, Dallas, TX  75243-5346.

## FACTUAL ALLEGATIONS

11.     On or about October 20, 2018, Plaintiff was a customer at "The Boiling Crab," a business located at 10560 Walnut Street, #100, Dallas, TX  75243 and referenced herein as the "The Boiling Crab."

12.     THE BOILING CRAB DALLAS, INC. is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

13.     DALLAS UK LLC is the owner or co-owner of the real property and improvements that The Boiling Crab is situated upon and that is the subject of this action, referenced herein as the "Property."

14.     Plaintiff's access to the business(es) located at 10560 Walnut Street, #100, Dallas, TX   75243, Dallas County Property Appraiser's parcel number 00000811305200000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, THE BOILING CRAB DALLAS, INC. AND DALLAS UK LLC, are compelled to remove the physical barriers to access and correct the ADA violations that exist at The Boiling Crab and the Property,

3

including those set forth in this Complaint.

15.     Plaintiff has visited The Boiling Crab and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting The Boiling Crab and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and The Boiling Crab and the Property are accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when The Boiling Crab and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

16.     Plaintiff intends on revisiting The Boiling Crab and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

17.     Plaintiff travelled to The Boiling Crab and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at The Boiling Crab and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at The Boiling Crab and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

18.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

19.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

20.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

21.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

22.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

23.     The Boiling Crab is a public accommodation and service establishment.

24.     The Property is a public accommodation and service establishment.

25.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

26.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

27.     The Boiling Crab must be, but is not, in compliance with the ADA and ADAAG.

28.     The Property must be, but is not, in compliance with the ADA and ADAAG.

29.     Plaintiff has attempted to, and has to the extent possible, accessed The Boiling Crab and the Property in his capacity as a customer of The Boiling Crab and the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at The Boiling Crab and the Property that preclude and/or limit his access to The Boiling Crab and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30.     Plaintiff intends to visit The Boiling Crab and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at The Boiling Crab and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at The Boiling Crab and the Property that preclude and/or limit his access to The Boiling Crab and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.     Defendants, THE BOILING CRAB DALLAS, INC. AND DALLAS UK LLC, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges,

advantages and/or accommodations of The Boiling Crab and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

32.    Defendants, THE BOILING CRAB DALLAS, INC. AND DALLAS UK LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, THE BOILING CRAB DALLAS, INC. AND DALLAS UK LLC, are compelled to remove all physical barriers that exist at The Boiling Crab and the Property, including those specifically set forth herein, and make The Boiling Crab and the Property accessible to and usable by Plaintiff and other persons with disabilities.

33.    A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to The Boiling Crab and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of The Boiling Crab and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)    There are two accessible parking spaces in front of Boiling Crab that are not adequately marked and are in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii)    There are two accessible parking spaces in front of Boiling Crab that are missing proper identification signs in violation of Section 502.6 of the 2010

ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(iii)    There is at least one accessible parking space in front of Boiling Crab that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(iv)    The accessible parking space in front of Boiling Crab is not level due to the presence of ramp side flares in the accessible parking space in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(v)    One of the accessible parking spaces in front of Boiling Crab is not located on the shortest distance to an accessible route in violation of section 208.3.1 of the 2010 ADAAG standards. This violation made it dangerous for Plaintiff to access the units of the Property as it required Plaintiff to enter the vehicular way and dangerously go behind parked vehicles.

(vi)    The Property has an accessible ramp leading from the accessible parking space near Boiling Crab to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(vii)   Due to a policy of putting signs in buckets in the accessible route, along with the proximity of columns, in conjunction with a lack of parking stops which cause a vehicle to pull up and the nose of the vehicle extends into the accessible route, there are publicly accessible areas of the Property near Unit 200 having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(viii)  Due to a policy of putting signs in buckets in the accessible route, along with the proximity of columns, in conjunction with a lack of parking stops which cause a vehicle to pull up and the nose of the vehicle extends into the accessible route, there are publicly accessible areas of the Property near Unit 200 lacking an accessible route connecting facilities and elements on the same site in violation section 206.2.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(ix)    At least one accessible parking space near Unit 200 is not adequately marked and is in violation of Section 502.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(x)     The accessible parking space near Unit 200 is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG

standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xi)     The accessible parking space near Unit 200 does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(xii)    The Property lacks an accessible route from accessible parking space near Unit 200 to the accessible entrance of the Property and/or Facility in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xiii)   The Property has an accessible ramp leading from the accessible parking space near Unit 1100 to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xiv)    There is an excessive vertical rise at the base and top of the ramp near Unit 1100 in violation of Section 303.2, 405 and 406 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(xv)     The Chattahoochee ground surfaces of the accessible route near Unit 1100 create vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to

comply with Section 302 and 303 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xvi)   There is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access Unit 1100.

(xvii)  Near Unit 1100, the accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xviii) An accessible parking space near Unit 1100 is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xix)   The interior of Boiling Crab has sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Facility.

(xx)   There is a doorway threshold at Boiling Crab with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit the Boiling Crab.

(xxi)   Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS IN BOILING CRAB**

(i)   The Facility lacks restroom signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

(ii)   The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(iii)   The restrooms in the Facility have grab bars adjacent to the commode which are not in compliance with Section 604.5 of the 2010 ADAAG standards as the rear bar is too short. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iv)   The accessible toilet stall door is not self-closing and violates Section 604.8.2.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff to safely utilize the restroom facilities.

13

(v)     The height of coat hook located in accessible restroom stall is above 48 (forty-eight) inches from the finished floor in violation of Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(vi)    There is inadequate clear turning space in the stall in violation of Section 603.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vii)   The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(viii)  The door exiting the men's restroom lacks a proper minimum maneuvering clearance in violation of Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for a disabled individual to safely utilize the restroom facilities.

(ix)    Hand drying devices in the restrooms are located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(x)     There is a vertical rise exceeding ½ (one-half) inch at the threshold to the door leading to the restrooms in violation of Section 404.2.5 of the 2010

14

ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

34.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at The Boiling Crab and the Property.

35.     Plaintiff requires an inspection of The Boiling Crab and the Property in order to determine all of the discriminatory conditions present at The Boiling Crab and the Property in violation of the ADA.

36.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

37.      All of the violations alleged herein are readily achievable to modify to bring The Boiling Crab and the Property into compliance with the ADA.

38.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at The Boiling Crab and the Property is readily achievable because the nature and cost of the modifications are relatively low.

39.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at The Boiling Crab and the Property is readily achievable because Defendants, THE BOILING CRAB DALLAS, INC. AND DALLAS UK LLC, have the financial resources to make the necessary modifications.

40.   Upon information and good faith belief, The Boiling Crab and the Property have been altered since 2010.

41.   In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

42.   Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, THE BOILING CRAB DALLAS, INC. AND DALLAS UK LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at The Boiling Crab and the Property, including those alleged herein.

43.   Plaintiff's requested relief serves the public interest.

44.   The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, THE BOILING CRAB DALLAS, INC. AND DALLAS UK LLC.

45.   Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, THE BOILING CRAB DALLAS, INC. AND DALLAS UK LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

46.   Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, THE BOILING CRAB DALLAS, INC. AND DALLAS UK LLC, to modify The Boiling Crab and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

16

(a)     That the Court find Defendant, THE BOILING CRAB DALLAS, INC., in violation of the ADA and ADAAG;

(b)     That the Court find Defendant, DALLAS UK LLC, in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, THE BOILING CRAB DALLAS, INC. AND DALLAS UK LLC, from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, THE BOILING CRAB DALLAS, INC. AND DALLAS UK LLC, to (i) remove the physical barriers to access and (ii) alter the subject The Boiling Crab and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light

of the circumstances.

Dated: October 29, 2018.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
21301 Powerline Road, Suite 106
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
ANTHONY CAIRNS